# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MOHAMMAD ALSHAMMAT, and<br>(2) ELIE GHAZAL,<br><br>        Plaintiffs,<br><br>vs.<br><br>(1) GEICO CASUALTY COMPANY<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 19-CV-00178-JED-JFJ<br>)<br>)<br>)<br>) |

## AMENDED JOINT STATUS REPORT

**Jury Demanded**: ☒ Yes ☐ No

**I.    Summary of Claims**:

Plaintiffs claim they were injured in an automobile accident occurring on February 19, 2018, due to the negligence of a third party. Mr. Alshammat owned the vehicle he was operating and was the named insured, and Mr. Ghazal was a passenger of the same vehicle. At the time of the collision, the vehicle Mr. Alshammat was operating was insured under a policy issued by GEICO, which provided uninsured/underinsured motorist ("UM") coverage with benefit limits of Twenty-Five Thousand ($25,000.00)/Fifty Thousand ($50,000.00) per accident. Plaintiffs made a claim and demand for the policy limits of uninsured/underinsured motorist ("UM") coverage.

Plaintiffs claim GEICO breached the contract of insurance by failing to pay UM benefits. Plaintiffs claim GEICO breached its duty of good faith and fair dealing by failing to act reasonably in the handling of the uninsured/underinsured motorist benefits and pay those benefits reasonably due and owing. Plaintiffs also claim they are entitled to an award of punitive damages.

    A.  Claims to be Dismissed:  <u>None at this time</u>.

**II.    Summary of Defenses**:

    A.  Plaintiffs have failed to state a claim against GEICO upon which relief can be granted.
    B.  GIECO reserves the right to assert lack of cooperation as a defense.
    C.  GEICO's handling of Plaintiffs' claims was at all times reasonable, thus barring Plaintiffs' bad faith claim.

    D. A legitimate dispute exists as to the cause of loss and/or the value of Plaintiffs' claim, thus barring any claim by Plaintiffs against GEICO for bad faith.
    E. GEICO's actions, at all times, have been reasonable and appropriate in response to Plaintiffs' demands.
    F. Plaintiffs' bad faith claim against GEICO in the present lawsuit should be bifurcated and/or severed from the remaining claims in this lawsuit.
    G. Discovery may reveal that Plaintiffs have failed to mitigate their alleged damages.
    H. Plaintiffs may be attempting to seek compensation for defects and/or damages which are specifically excluded and/or limited by the policy.
    I. The policy issued by GEICO contains exclusions, limitations, provisions, and/or other endorsements which preclude or limit coverage in whole or in part.
    J. Plaintiffs' claims may be barred by the statute of limitations and/or contractual limitations in the policy.
    K. To the extent Plaintiffs seek to recover punitive damages, such claim fails because Plaintiffs lack evidence of reckless disregard for malicious conduct.
    L. Discovery may reveal that Plaintiffs lack standing or capacity to bring the present lawsuit.
    M. GEICO reserves the right to assert additional defenses and/or additional claims as discovery progresses.

**III.**   **Motions Pending** (Include Docket Number, Description and Date at Issue)**:** <u>None</u>.

**IV.**   **Stipulations:**

    A. Jurisdiction Admitted:   ☒ Yes   ☐ No (If no, explain.)

    B. Venue Appropriate:   ☒ Yes   ☐ No (If no, explain.)

    C. Facts:

      1. A motor vehicle occurred on February 19, 2018, wherein Mr. Alshammat was operating a vehicle he owned and was the name insured of and Mr. Ghazal was a passenger of the same vehicle.

      2. At the time of the February 19, 2018, collision, the vehicle at issue was covered by a policy of insurance written by Defendant Geico, policy number 4435-52-26-12, which included provisions for uninsured/underinsured motorist benefits.

    D. Law: <u>Oklahoma law applies to this case.</u>

V. **Proposed Deadlines:**

    A. Parties to be Added by: <u>June 10, 2019</u>

    B. Proposed Discovery Cutoff Date: <u>October 9, 2019</u>

    C. Fact Witness and Exhibit Lists to be Exchanged by:   Plaintiffs: <u>August 9, 2019</u>

                                                                                                                                       Defendant: <u>August 23, 2019</u>

    D. Proposed Date for Expert Reports:   Plaintiffs: <u>August 15, 2019</u>

                                                                                        Defendant: <u>August 29, 2019</u>

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

        ☐ Yes (If yes, explain.)
        ☒ No

    B. When were or will initial disclosures under Rule 26(a)(1) be made?

    <u>On or before May 9, 2019</u>.

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?   ☐ Yes   ☒ No

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

        ☐ Yes (If yes, explain.)
        ☒ No

    E. Proposed Number of Fact and Expert Depositions:

        1. To be allowed for Plaintiff?  <u>10 fact, 2 expert</u>

      2. To be allowed for Defendant?   <u>6 fact, 2 expert</u>

  F. Is there a need for any special discovery management order(s) by the Court?

      ☐ Yes (If yes, explain.)
      ☒ No

  G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**

  ☒ Yes (If yes, describe.) Defendant anticipates filing a Motion for Partial Summary Judgment.
  ☐ No

**VIII. Do all parties consent to trial before the assigned magistrate judge?**  ☐ Yes  ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

  ☐ Yes
  ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X. Settlement Plan** (Check one):

  ☒ Settlement Conference Requested After:  <u>Discovery cutoff</u>
      Describe Settlement Judge Expertise Required, If Any:  <u>Insurance, bad faith</u>

  ☐ Private Mediation Scheduled On:

  ☐ Other ADR (Explain):

  ☐ ADR Appropriate:
      ☐ Yes
      ☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

      Plaintiffs: ☒ Yes ☐ No

      Defendants: ☒ Yes ☐ No

**XI. Does this case warrant special case management?**

☐ Yes (If yes, explain.)
☒ No

**XII. Do the parties request that the Court hold a scheduling conference?** ☐ Yes ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated Trial Time:** 3 days

Approved:


/s/ Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Lauren Lambright, OBA #22300
Daniel Roytman, OBA #31209
SMOLEN & ROYTMAN,
701 S. Cincinnati Ave.
Tulsa, OK 74119
Tel.: (918) 585-2667
Fax: (918) 585-2669
danielsmolen@ssrok.com
laurenlambright@ssrok.com
danielroytman@ssrok.com
*Attorneys for the Plaintiffs, Mohammad Alshammat and Elie Ghazal*


/s/ **Gerard F. Pignato**
Gerard F. Pignato OBA #11473
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson, 11th Floor
Oklahoma City, OK 73102
Tel.: (405) 606-3333
Fax: (405) 606-3334
jerry@rkcglaw.com
*Attorney for Defendant, Geico Casualty Company*